IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 09-733-02 |
| DAVID COBB | : | |

## O R D E R

**AND NOW**, this **18th** day of **December, 2018,** upon consideration of Cobb's pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 302) and the response thereto (ECF No. 304), it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] Cobb asserts that, pursuant to 18 U.S.C. § 3582(c)(2), his sentence should be reduced under Amendment 782 to the Sentencing Guidelines which lowered penalties for most drug offenses. In that Cobb was convicted of conspiracy to distribute and aiding and abetting the possession of 500 grams or more of cocaine, he claims that Amendment 782 applies to his sentence retroactively by reducing his base offence level from 28 to 26.

However, Cobb is not eligible for a reduction under Amendment 782 because his base offense level was set at 37 due to his career offender status (per Section 4B1.1) and was not set by the now reduced Guideline range for the cocaine charges (Section 2D1.1). As a result, Amendment 782 is inapplicable to Cobb. United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009) ("As a career offender, Mateo's base offense level remains 34 [per Section 4B1.1] no matter whether the otherwise applicable base offense level-absent Mateo's career offender status [Section 2D1.1(c)]-is 28 or 26.").

To the extent Cobb also argues that a sentence reduction is

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

warranted because it is consistent with the policies underlying
the Fair Sentencing act of 2010 ("FSA"), his argument fails. The
FSA regards crack cocaine offenses (rather than cocaine
offenses) and, in any event, is not retroactive. <u>United States
v. Reevey</u>, 631 F.3d 110, 114-15 (3d Cir. 2010).