# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Cr. No. 09-733-02 |
| DAVID COBB | : | |

## ORDER

**AND NOW**, this        day of                   , 2020, upon consideration of the Defendant's Motion for a Reduction of Sentence pursuant to Section 404 of the First Step Act of 2018, and the government's response thereto, it is hereby **ORDERED** that the motion is **DENIED** for the reasons set forth in the government's response.

BY THE COURT:

**HON. EDUARDO C. ROBRENO**
**United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Cr. No. 09-733-02 |
| **DAVID COBB** | : | |

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S PRO SE MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT OF 2018

Defendant David Cobb has filed a pro se motion for a reduction in sentence pursuant to Section 404 of the First Step Act of 2018, which made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine. The Fair Sentencing Act, enacted on August 3, 2010, did not apply retroactively to defendants who were sentenced before that date. Cobb is not eligible for relief under Section 404 of the Act because he was not convicted of an offense involving crack cocaine. Accordingly, the Fair Sentencing Act does not apply in this case, and Cobb is not eligible for relief under the First Step Act.

**I.    BACKGROUND**

On April 19, 2010, a grand jury in the Eastern District of Pennsylvania returned a superseding indictment charging defendant David Cobb and two co-conspirators with conspiracy to distribute 500 grams or more of cocaine, in

violation of 21 U.S.C. § 846, and one count of and aiding and abetting the possession of 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 25, 2010, a jury convicted Cobb of both offenses.

The Probation Office determined that Cobb's offense involved three kilograms of cocaine, which carried a base offense level of 28. Nevertheless, Cobb had three prior convictions for drug trafficking offenses and was classified as a career offender pursuant to Section 4B1.1. As a career offender, his offense level was 37. Cobb was in criminal history category VI, and his advisory guideline range was 360 months to life. Because the government filed an information pursuant to 21 U.S.C. § 851 citing one of Cobb's prior felony convictions, he was subject to a mandatory minimum sentence of 10 years on the conspiracy count.

At the sentencing hearing on November 3, 2011, this Court sentenced Cobb to 288 months' imprisonment. Cobb appealed his conviction, which was affirmed by the Third Circuit. *See United States v. Cobb*, 483 F. App'x 719, 725 (3d Cir. 2012) (not precedential).

In October 2013, Cobb filed a motion for relief under 28 U.S.C. § 2255. The Court denied the motion in September 2014. Cobb filed a second Section 2255 motion in November 2016. The Court construed the motion as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the Guidelines. Because the amendment did not apply retroactively to those sentenced before the amendment, the Court denied the motion.

In March 2018, Cobb filed a motion for a reduction of sentence pursuant to Section 3582(c)(2) and Amendment 782 to the Guidelines, which lowered the base offense levels in Section 2D1.1 for most drug offenses.[1] In December 2018, the Court denied the motion on the ground that Cobb's guideline range was set by the career offender provision, and the amendment to Section 2D1.1 did not lower Cobb's guideline range. Cobb then filed a motion for reconsideration of this ruling, which was denied by the Court on October 21, 2019.

## II.  The Fair Sentencing Act Does Not Apply to Cobb's Sentence.

The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." The Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

The Fair Sentencing Act of 2010 altered the statutory penalties applicable to crack cocaine offenses by increasing the threshold quantities that triggered the penalties set forth in Sections 841(b)(1)(A) and (b)(1)(B). The Fair Sentencing Act did not alter the statutory penalties for powder cocaine offenses. Accordingly,

---

[1]  Cobb filed his first motion for a sentence reduction under Amendment 782 on January 26, 2015. On March 8, 2018, while this motion was still pending, Cobb filed a supplemental motion for relief under Section 3582(c)(2) and Amendment 782.

retroactive application of the Fair Sentencing Act does not affect Cobb's statutory penalties, and he is not eligible for relief under Section 404 of the First Step Act.

In arguing that he is eligible for relief under the First Step Act, Cobb cites a district court decision in which the court found that a defendant who was convicted of a conspiracy to distribute 50 grams of crack and five kilograms of cocaine was eligible for relief under Section 404 of the First Step Act because the crack offense was a "covered offense" under the Act. Memo at 9-10, citing *United States v. Medina*, 2019 WL 3769598 (D. Conn. July 17, 2019). Even assuming that the judge's determination in that case is correct, which the government disputes,[2] the reasoning of this case does not apply here because Cobb was only convicted of powder cocaine offenses, which are not covered by the Act.

Cobb raises several additional claims for relief, none of which are cognizable under Section 404 of the First Step Act. His claims that he was improperly classified as a career offender and that his trial counsel was ineffective in several respects may not pursue these issues in a motion for relief under Section 404 of the Fair Sentencing Act, which is limited to the retroactive application of the Fair Sentencing Act. Cobb's claim that the First Step Act invalidates the Section 851 enhancement applied at sentencing also fails. See

---

[2] While a handful of district courts have reached the same conclusion as the court in *Medina*, the vast majority of the courts that have considered the issue have concluded that a defendant is not eligible for relief if the count of conviction involved a quantity of another drug that supports the same statutory penalties that were applied at sentencing.

Memo at 11. Although Section 401 of the First Step Act modified the set of statutory offenses that may serve as predicates for an enhanced statutory penalty under Section 841, Congress did not make this provision retroactive, expressly stating that it applies only to persons sentenced after the date of enactment, December 21, 2018.

  In sum, Cobb is not eligible for a sentence reduction under Section 404 of the Fair Sentencing Act. This Court lacks the authority to reduce Cobb's sentence pursuant to this provision, and Cobb's other claims for relief must be denied. Cobb's motion for a sentence reduction should be denied.

            Respectfully submitted,

            WILLIAM M. McSWAIN
            United States Attorney


            /s Bernadette McKeon
            BERNADETTE McKEON
            Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to the Defendant's Pro Se Motion for Reduction of Sentence under Section 404 of the First Step Act was served by first-class mail upon:

>Mr. David Cobb
>Reg. No. 64303-066
>FCI Allenwood Low
>Federal Correctional Institution
>P.O. Box 1000
>White Deer, PA 17887

>/s/ Bernadette McKeon
>BERNADETTE McKEON
>Assistant United States Attorney

Date:   February 19, 2020