# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. |
| | : | 09-733-02 |
| v. | : | |
| | : | |
| **DAVID COBB** | : | |

## ORDER

**AND NOW**, this **12th** day of **March, 2020**, upon consideration of Cobb's pro se motions to: (1) update his mailing address (ECF No. 313); (2) to reduce his sentence under the First Step Act (ECF No. 314); and (3) file a reply (ECF No. 317), and the response thereto, it is hereby **ORDERED** that:

1. the motion to update Cobb's mailing address (ECF No. 313) is **DENIED as moot**. The address listed on ECF is his current address;

2. the motion to reduce his sentence (ECF No. 314) is **DENIED**;[1] and

---

[1] Cobb seeks resentencing pursuant to Section 404 of the First Step Act of 2018 which made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine. Cobb is not eligible for relief under Section 404 because he was not convicted of an offense involving crack cocaine.

Cobb also argues that his sentence should be reduced because the First Step Act modified the convictions that may serve as predicates for a 21 U.S.C. § 851 enhancement. However, the applicable section of the First Step Act, Section 401, is not retroactive, and therefore is inapplicable to Cobb. See First Step Act § 401(c); United States v. Willis, 417 F. Supp. 3d 569, 593 (E.D. Pa. 2019).

The remainder of Cobb's claims, including ineffective assistance of counsel, are not cognizable under the First Step

3. the motion to file a reply (ECF No. 317) is **GRANTED**.

   **IT IS SO ORDERED.**

   */s/ Eduardo C. Robreno*  
   *EDUARDO C. ROBRENO,     J.*

---

Act.