(h)(2)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|---|
| Name *(under which you were convicted):* DAVID V. COBB | | Docket or Case No.: 09-733-01 CR |
| Place of Confinement: L.S.C.I. ALLENWOOD | | Prisoner No.: 64303-066 |
| UNITED STATES OF AMERICA | v. | Movant *(include name under which convicted)* DAVID V. COBB |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:




   (b) Criminal docket or case number (if you know): 09-733-01          MAY 4 2020

2. (a) Date of the judgment of conviction (if you know): JUNE 25, 2010

   (b) Date of sentencing: NOVEMBER 3, 2010

3. Length of sentence: 288 MONTHS 8 YEARS SUPERVISED RELEASE

4. Nature of crime (all counts): ONE COUNT OF CONSPIRACY TO DISTRIBUTE 500 GRAMS OR MORE OF COCAINE IN VIOLATION OF 21 U.S.C. 841 (A)(1) AND (b) (1) (b) ; ONE COUNT OF POSSESSION WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF COCAINE IN VIOLATION AND AIDING AND ABETTING. (846)




5. (a) What was your plea?  (Check one)

   (1) Not guilty ☑          (2) Guilty ☐          (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?




6. If you went to trial, what kind of trial did you have?  (Check one)          Jury ☑          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ☑

8. Did you appeal from the judgment of conviction? Yes ✓ No ☐

9. If you did appeal, answer the following: third Circuit
   (a) Name of court: UNITED STATES COURT OF APPEALS for EASTERN District of PENNSYLVANIA
   (b) Docket or case number (if you know): # NO. 09-733-01
   (c) Result: CONCLUDED AND AFFIRMED
   (d) Date of result (if you know): JUNE 28, 2012
   (e) Citation to the case (if you know): _____
   (f) Grounds raised (1) District Court DENY Appellant's Motion to suppress EVIDENCE SEIZED from WARRANTLESS SEARCH OF Appellant's VEHICLE.
   (2) District court GRANTING U.S.A's F.R.E. 404(b) prior convictions
   (3) District court Admitting the EXPERT testimony of Officer Tyler regarding drug Jargon/codewords..
   (4) District court DENIED Motion to suppress intercepted WIRE COMMUNICATIONS AND Electronic surveillance.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ✓
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ✓

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:




(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐    No ☑

(7) Result: N/A _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:




(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐    No ☑

(7) Result: N/A _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☑

(2) Second petition:    Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: TO PREVENT A COMPLETE MISCARRIAGE OF JUSTICE DUE TO AN UNCONSTITUTIONAL SENTENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Court Errored in qualifying Petitioner as AN ACCA Status Prior to his conviction AND AS A MATTER ON Constructive correction Petitioner's computed Criminal History must be corrected.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

NEW CASE LAW UNAVAILABLE AT the time of SENTENCING

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Petitioner's 851 Enhancement (As A Matter of New Case Laws) must be corrected.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Court Errors must be corrected Due to Confusion inserted by the government that grossly-Negatively Affected Petitioner's Guideline Range.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

NEW CASE LAWS NOT AVAILABLE AT THE TIME OF SENTENCING

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND THREE:** PETITIONER's 3553 factors must be RECONSIDERED AND RESENTENCED to time SERVED

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER (similar to his Brother) Programmed A total of 12,569 hours and counting of training; that must be RECONSIDERED IN-LINE with NEW Court decisions in favor of PETITIONER.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

NEW circumstances Not AvAilAble At the time of SENTENCING

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Petitioner qualifies BASED ON SENTENCING Disparities AS A MATTER Of LAW

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner (AS A less culpable participant) must be sentenced in-line with (or less than) his co-defendant and Brother whom received a 108 month deduction under similar new claims being made by petitioner.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

New CASE laws NOT AVAILABLE AT the time Of SENTENCING.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

ALL GROUNDS HAVE NOT BEEN PRESENTED AND ADJUDICATED ON; BECAUSE NEW CASE LAWS AND CIRCUMSTANCES WERE NOT AVAILABLE AT THE TIME OF SENTENCING.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?  Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea: ATTORNEY ( ROLAND B. JARVIS )
1528 WALNUT Street suite 1400 Philadelphia PA. 19102

(c) At the trial: ROLAND B. JARVIS

(d) At sentencing: ROLAND B. JARVIS

(e) On appeal: ROLAND B. JARVIS

(f) In any post-conviction proceeding: Pro SE

(g) On appeal from any ruling against you in a post-conviction proceeding:

Pro SE

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☑  No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
PROBATION VIOLATION ( PENNSYLVANIA BOARD OF PAROLE AND PROBATION
HARRISBURG, PA.

(b) Give the date the other sentence was imposed: PENDING VIOLATION

(c) Give the length of the other sentence: NOT KNOWN AT this time

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☑  No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Petitioner has Petitioned Courts under Newly discovered Evidence that was Not Available At the time of SENTENCING under 28 U.S.C. §2255 (h)(2)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
        (1)   the date on which the judgment of conviction became final;
        (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore. movant asks that the Court grant the following relief: DOWNWARD departure to time SERVED AND A REduction of SUPERVISED RELEASE DOWNWARD to 3 yEArs from 8 yEArs.

or any other relief to which movant may be entitled.

_____PRO SE._____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____April 29, 2020_____
(month, date, year)

Executed (signed) on _____April 29, 2020_____ (date)

_____David Cobb._____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

United States of America
        (Respondent)

_Civil Action No. _____

v.                                            Criminal Action No. 09-733-01


David Cobb
        (Defendant/Petitioner)


PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
(AND IN LIGHT OF NEW CASE LAWS)
MOTION TO VACATE, SET ASIDE OR CORRECT
CONVICTION AND SENTENCE
PURSUANT TO PETITIONER'S _(h)(2)_
"SECOND AND SUCCESSIVE" 28 USC §2255^ PETITION

NOW COMES the Petitioner, _DAVID Cobb_ , pro se, and moves this Honorable
Court to vacate, set aside or correct his conviction and sentence pursuant
to a second and successive 28 USC 2255 _(h)(2)_ motion, and Petitioner states as follows:

## I.  BACKGROUND

Petitioner (and his co-defendant and brother
Johnathan Cobb) was convicted under the indictment for one count
of conspiracy to distribute 500 grams or more of cocaine in viol-
ation of 21 U.S.C. § 841(A)(i) and (b)(1)(b); one count of posses-
sion with intent to distribute 500 grams or more of cocaine in vio-
lation and aiding and abetting in violation of 18 U.S.C. 2. Mr. Cobb's
motion for modification is made here narrowly tailored based on an
overwhelming amount of Federal Court's decisions in favor of Peti-
tioner's request and grounds for this Court to grant such relief
similar to the Court's most recent decision to reduce Petitioner's
brother's Johnathan Cobb's pursuant to misinformation given by De-
fense Counsel prior to trial to Mr. Cobb and failing Petitioner of
his 6th amendment constitutional rights to fair counsel at every
step of legal proceedings. (AND ALIKE). Petitioner cites clear facts
on the record also support in accordance to Johnathan Cobb's claims
to whether the brother's should have accepted a plea or not prior
to trial. Petitioner filing is timely and filed to perserve his
rights to argue for relief pursuant to _the FRAP and 28 U.S.C._
_§2255(h)(2)._

(1)

Petitioner is a federal inmate serving a sentence of 288 months under indictment for one count of conspiracy to distribute 500 grams or more of cocaine in violation of 21 USC §841(a)(1) & (b)(1)(B); one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 USC §841(a)(1) & (b)(1)(B); and aiding and abetting in violation of 18 USC §2.

The indictment was returned by a Federal Grand Jury on April 29, 2010. Petitioner was arraigned and entered pleadings of not guilty through his attorney. Following a five-day trial, he was convicted of being a party to a conspiracy with his brother, Jonathan Cobb. At sentencing, this Court fixed Petitioner's Guideline Sentence Range at 360 months to life. But the Government interrupted

with a Motion asking the Court to vary from the Guideline. Stating:

"In this particular conspiracy case I would say his brother [Jonathan Cobb] is more culpable than David Cobb."

The Court accepted the Government's Motion and sentenced Petitioner to 288 months, 8 years supervised release, and a $1,500.00 fine.

Petitioner filed a direct appeal by Counsel that was denied. (Petitioner also filed a Habeas Corpus 2255 Petition yet the Motion was rejected as untimely by the Court and thus Petitioner's claims for Ineffective Asst. of Counsel was never heard by this Court. (1)

Footnote: (1) On or around 6/25/15 Petitioner's brother "Johnathan Cobb" sought and recieved relief by way of his 2255 motion on similar claims for being given misinformation and neglect of Defense counsel prior to trial that violated his constitutional 5th and 6th Amendment rights substantially.

*Accordingly;* Petitioner claims in his <u>pro se</u> § 2255 Petition that counsel was ineffective for failing to:

1. Advise Petitioner of 21 U.S.C. § 851 notice and challenge the notice;

2. Challenge the Government's affidavit in support of wiretap evidence;

3. Advise Petitioner of the advantages of entering a guilty plea; and

4. Provide real notice to Petitioner of the conspiracy charge.

He also makes a supplemental claim of a Sixth Amendment Due Process violation based on <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

*Next, Petitioner also filed Petitions Pursuant to a 3582(c)(2) and under the "First Step Act of 2018. Both Petitions were denied; and most Recently on or around March 2020, stating (in sum) that Petitioner did not qualify under the First step Act of 2018. (Please See Attachment # ___1___, the Court's order).*

In 2019; Petitioner filed Pursuant to a 3582(c) motion in light of the recent sentence of his brother Johnathan Cobb and under 18 U.S.C. §3553 (A)(6) citing, "The District Court's need to avoid unwarranted sentence disparities among co-defendants who have been found guilty of similar conduct.

On or around 10/21/19; the Court denied Petitioner's motion after considering the Gov't's response (DKT# 341); citing lack of jurisdiction pursuant to 28 U.S.C. §3582(b). "(See Attachment #1 Court's decision - Dkt #312).

Although Petitioner does not agree here with the Court's findings and denial decision, Petitioner decides to refile his claims for relief pursuant to *Habeas Corpus* 2255 (h)(2) , and other supportive and favorable cases laws recently determined in favor of Petitioner's case and claims for relief at bar.

In (U.S. v. Jonathan Cobb) (Appellant) and co-defendant; (U.S. Court

of Appeals for the Third Circuit) 695 Fed.Appx. 650; 2017 US App. LEXIS 9778
No. 16-2684, February 9, 2017, submitted (pursuant to Third Circuit L.A.R.
34.1(A) June 2, 2017, Opinion filed) filed motions seeking a sentence reduction.
The district court's amended judgment reducing J. Cobb's sentence from (288
to 180) months imprisonment when reconsidering J. Cobb's prior 18 USC §3553(A)
factors, including the seriousness of the offense, adequate deterrence to
others, and protection of the public. Implicit in the findings and opinions
of the Court's decisions; J. Cobb's role in the offense and prior record was
a factor when the Court Granted J.Cobb a (108) month reduction. An examination
of the resentencing transcript revealed that the district court gave full
credit to J. Cobb's behavior and accomplishments in prison; the District Judge
chose the 78% variance based on the seriousness of the Defendant's Leadership
Role of [the] crimes, the importance of deterrence, and extensive criminal
record.

J.Cobb made several claims to the Appeals Court such as:

Cobb argues that his sentence is both procedurally and substantively unreasonable because the district court failed to neutralize the taint of the ineffective assistance of counsel Cobb received as required under *Lafler v. Cooper*.7 First, Cobb asserts that the district court accepted the government's claim that an 851 Notice would have been filed even if Cobb had pled guilty, and that the court failed to consider circumstantial evidence that indicated otherwise. Although it is clear that the district court accepted the government's representations about the 851 Notice, it only did so after Cobb's counsel conceded during the February 10, 2016 relief hearing that there was no direct evidence that would have contradicted the representations of the Assistant United States Attorneys involved.8. Given the absence of contradictory evidence, Cobb's attorney did not object when the district court found that the 851 Notice would have been filed whether or not Cobb{2017 U.S. App. LEXIS 3} would have exercised his right to trial.9 As the 851 Notice issue was settled by the time of {695 Fed. Appx. 653} Cobb's resentencing hearing, it was not procedurally unreasonable for the district court to fail to revisit the issue.

Cobb further argues that the district court erred in re-invoking the same 78% variance Cobb had received on his original sentence. He claims that the reasons for that original upward variance did not apply to the resentencing. Cobb claims that the justifications given by the district court for the original upward variance, which included information from Cobb's trial, were not relevant for resentencing purposes. An analysis of the resentencing transcript, however, shows that the district judge chose the 78% variance based on the seriousness of Cobb's crimes, the importance of deterrence, and Cobb's extensive criminal record.10 Those factors had not changed since Cobb's original sentencing, and it was therefore not unreasonable for the court to again impose a 78% variance. Additionally, despite Cobb's assertion that the district court incorrectly supplemented the reasoning behind Cobb's sentence with "unspecified trial evidence,"11 *Lafler* clearly indicates that the court need not{2017 U.S. App. LEXIS 4} disregard what occurred at trial when attempting to neutralize the taint of ineffective assistance of counsel.

Finally, Cobb argues that the district court gave "no meaningful consideration to the arguments and evidence" his attorney presented during the resentencing hearing.13 However, the district court need not explicitly address every argument made by the litigant or make specific findings about each of the § 3553(a) factors.14 An examination of the resentencing transcript reveals that the district court stated that it intended to give "full credit" to Cobb's behavior and accomplishments in prison by reducing his sentence from 288 to 180 months.15 Though the resulting sentence is still significant, the reduction is also quite significant. Moreover, the district court specifically referred to several of the § 3553(a) factors during Cobb's resentencing, including the seriousness of the offense, adequate deterrence to others, and protection of the public.16 Therefore, we find that there were no procedural defects in the district court's resentencing of Cobb.

In *United States v. Tomko*, we held that a sentence that is procedurally sound will not be considered substantively unreasonable{2017 U.S. App. LEXIS 5} "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."17 Cobb's resentencing resulted in a reduced sentence of 180 months, 108 months fewer than his original sentence. A consideration of the substantive reasonableness of a sentence under an

abuse of discretion standard "gives district courts broad latitude in sentencing.    The second sentence was {695 Fed. Appx. 654} clearly not substantively unreasonable under that standard. ·

For the aforementioned reasons, we will affirm the judgment of the district court.

David Cobb and Jonathan Cobb challenge their respective convictions related to their participation in a cocaine distribution scheme, alleging that the District Court erred by admitting conversations captured on an illegal wiretap, failing to exclude evidence seized during the warrantless search of David Cobb's vehicle, and allowing inappropriate expert testimony under Federal Rules of Evidence 702. David Cobb also challenges the District Court's admission of his prior convictions, and Jonathan Cobb contends that the District Court's upward variance at his sentencing renders his sentence unreasonable.

Both sides filed pre-trial motions. The Govt. sought to introduce recordings obtained during the wiretap of Jonathan Cobb's mobile phone and evidence of prior criminal conduct pursuant to Federal Rule of Evidence 404(b) and 609. The Cobbs opposed these motions (either by argument or by brief) and filed a motion to suppress evidence seized from the warrantless search of David Cobb's vehicle. On June 15, 2010, the District Court granted the motion to admit wiretap evidence and partially granted the Government's motion to admit evidence under Rule 404(b).

Following a five -day trial, on June 28, 2010, a jury found Jonathan

and David Cobb guilty on both counts. On November 3, 2010, David Cobb was sentenced to a term of 288 months imprisonment, eight years of supervised realese, and a 1,500.00 fine. Two days later, Jonathan Cobb was sentenced to an identical period of imprisonment and supervised release, along with $2,500.00 fine.

## II. PRELIMINARY STATEMENT (h)(2)

Petitioner seeks relief under statute 28 USC 2255 Habeas Petition; pursuant to a second and successive filing under the Rule where it states when an individual could (or should) file pursuant to the 2255 statute. The Rules pursuant to 28 USC §2255; does address that an individual can file even past the one (1) year statute of limitations; when or on the grounds that he is "actually innocent" of a particular charge (or enhancement illegally derived)

and in the interest of brevity and judicial economy, when a correction of an illegal sentence must be further adjudicated such as:

1) To prevent a complete miscarriage of Justice that would result from allowing a unconstitutional sentence to stand (U.S. v. Cabey) 429 F.3d 93 (2005) (Also see), (U.S. Maybeck) 23 F.3d 888 (1994), (U.S. v. Mikalajunas) 186 F.3d 490, 495 (1999)

2) A new claim raised could not have been raised in a prior motion; nor presented previously because the issue raised was not available at the time of sentencing; ((2255)(h)(2))

3) A change in the law that directly effect the guideline range of his sentence or incorrectly created resulting in an improper classification (U.S. v. Whitley), 737 F.App x 147, 148-49 (4th Cir. 2018); (Also see) (U.S. v. McCollum),885 F.3d 300, 307-09 (2018); or

4) Newly discovered evidence that if proven and viewed in the light of the evidence as a whole would be suffecient to establish by clear and convincing evidence; that no reasonable fact finder would have found the movant guilty of the offense.

Petitioner cites all four (4) above reasons in his Motion, that will also address violations of his Fifth Amendment Rights to Fair Due Process; in addition to Sixth Amendment Right violations concerning Ineffective Assistance of Counsel claims never djudicated by the District Court.

The Sixth Amendment guarantees that an accused, unable to hire a lawyer, shall be provided with the assistance of counsel for his defense in all criminal prosecutions in the federal courts. Walker v. Johnston, 312 US 275, 286, 85 L.Ed 830, 835 61 S.Ct. 574; see Foster v. Illinois, 332 US 134, 136, 137, 91 L.Ed 1955, 1957, 1958, 67 S.Ct. 1716. This Court has been particularly solicitous to see that this right was carefully preserved where the accused was ignorant and uneducated, confused and/or unsure of claims or charges being levied against him ; as well as advice offered by counsel on advisement.

A waiver of the constitutional rights to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial. See Williams v. Kaiser, 323 US 471, 475, 89 L.ED 398, 402, 65 S.Ct. 363. Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered. Determining whether an accused is guilty or innocent of the charges in a complex legal indictment is seldom a simple and easy task for a layman, even though acutely intelligent. Conspiracy charges frequently are of broad and confusing scope. See, e.g. (Gorin v. United States), 312 US 19, 85 L.ed 488, 61 S.Ct 429 (United States v. Heine)(CCA 2d NY) 151 F.2d

813. And especially misleading to a layman are the overt act allegations of a conspiracy. Such charges are often, as in this indictment, mere statements of past associations or conferences with other persons, which activities apparently are entirely harmless standing alone. A layman reading the overt charges of this indictment might reasonably think that one could be convicted under the indictment simply because he had, in perfect innocence, associated with some criminal at the time and place alleged. The undisputed evidence in this case that Petitioner was concerned about many of these legal questions - such as the significance of the overt act charges, cooperation, facts material to his case, and his possibilities of defense should all his co-defendants plead guilty - emphasizes his need for the aid of counsel at this stage.

The Record will show the Petitioner's Counsel (Jarvis) was in fact, unprepared and confused at sentencing. (See Attachment #2; Pages 3-8 of Petitioner's sentencing transcripts). The debate concerning (ACCA) issue loomed large, when neither defense counsel or the representative from the Probation office focused solely on whether Petitioner's ACCA status would be affected by the newly adopted November 1, 2010 Guidelines or the previously (2009) Guidelines. Petitioner's classification as a potential Career offender was never appropriately addressed prior to trial, at trial or within the Presentencing Report (PSR). Different from his brother, [2] who found out that he did not qualify as an ACCA participant until the PSR Report had been issued; Petitioner (D.Cobb) as of Record, did not find out about his supposed status until his sentencing. Similar thought, now like J. Cobb; Petitioner argues due to Ineffective Asst. of Counsel; had he known that the 851 enhancement would have not been applied prior to trial if he (and his brother) had plead out prior to trial; as they both believed under false pretense, that taking a plea or going to trial would have made NO difference, thus having no major consequences to they're case. (See Grounds #1 and #2 for full explanation and claims for relief)

Footnote: (2) Also see Attachment #3 the J. Cobb transcripts Proving that he did not find out his ACCA status until he received the PSR Report.

## IV Arguments/Grounds

The record provides irrefutable proof that Petitioner's case (including his brother and co-defendant - Johnathan Cobb) was injected with confusion by both attorney's working together to defend both defendant's. Implicitedly the record shows;

1) Defense Counsel errored when harmfully *Determining that Both Petition and (his Brother) J.* Cobb was a career offender *right* before trial was to begin, *And through the sentencing Process.*

2) Defense Counsel errored when not appropriately arguing the two (2) of D. Cobb's prior's were in fact unable to be utilized to trigger an ACCA criteria, thus illegally pushing D. Cobb to an ACCA status;

3) Such confusion on both 1 and 2 (list above); and counsel working in coordination , misadviced the brothers on whether to plea related advice (illegally) such as"

   A) Simply to plead guilty
   B) Plea with cooperation with the Govt
   C) Simply go to trial.

4) Such misadvice left the brother's to believe that there was no benefit to taking a plea; because counsel lead them to believe facts that was incorrect; thus both brothers suffered damages based on incorrect beliefs proffered by counsel.

---

Failure to properly advise a defendant about sentencing exposure in plea dealings may constitute ineffective assistance of counsel: "When addressing a guilty plea, counsel is required to give a defendant enough information 'to make a reasonably informed decision whether to accept a plea offer.'" *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (quoting *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013), and *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)); *see also Lafler*, 566 U.S. at 162-63. A defendant who rejects a guilty plea and receives a more severe sentence after trial makes a claim of ineffective assistance when "he alleges that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the offer." *Day*, 969 F.2d at 43. Accurate information about maximum sentence exposure "will often be crucial to the decision whether to plead guilty," the court explained, because{2019 U.S. App. LEXIS 11} it enables a defendant to conduct "comparative" analysis essential to the decision whether to take the plea. *Id.* Indeed in itself, we held "if Day is correct that he was seriously misled about his sentence exposure"-there receiving advice he faced roughly 11 and a half years in prison when he was ultimately sentenced to nearly 22 years-and "the likelihood of his conviction was overwhelming, he received ineffective assistance of counsel." *Id.* at 44.

5) Defense Counsel's misadvice led to Petitioner and his brother to not take a plea to their benefit of less time had they taken the plea and not affording Petitioner the opportunity to make a different and correct choice.

6) Defense Counsel's harmful error's also allowed the Court to grant an upward variance to a higher sentence for Petitioner.

IMPORTANT NOTE: The Court determined in its first ruling for J. Cobb that the Govt would not have filed an 851 notice on J. Cobb (and must presume for D. Cobb "Petitioner"); had they plead guilty and not gone to trial. This is a vital and major finding by the Court. Due to the fact that, Petitioner (and his brother) were both given 851's prior to trial to enhance their sentences post facto of the trial.

7) Petitioner(like his brother) would have plead guilty if not for the misadvice of counsel and the sentence would have been lower. Period!

8) The Record provides further proof, had J. Cobb pleaded guilty prior to trial; its unlikely that the Court would have viewed J. Cobb to have been simiarly situated to Petitioner brother, who was also convicted at trial.

The Court determined at sentencing the following reasonings behind its consideration in sentencing Petitioner when stating in pertinent part:

"Now, Mr. Cobb is the product of a home environment and a society in which he was--he did not have many opportunities, and, of course, that doesn't go by way of justification for anything that he has done, but it goes by way of explanation in understanding the characteristics of the defendant which stands before the Court."

THE COURT: "I think also his brother -- I wanted to ask you a question here, Ms. Marston. What is the relative culpability in your view of Jonathan and David?"

*MS. MARSTON: In this particular conspiracy case I would say his brother is more culpable than David Cobb."*

In the instant case the sentencing court laid its findings of Petitioner's culpability in this case. "THE COURT" on page 33 of sentencing transcript, explained:

"Well, we'll take that into account, the fact that he is -- he is -- at least under the circumstances of the offense, and that will be my -- my thinking having heard the testimony at trial that Jonathan was more of the coordinating force here and Mr. Cobb was a senior member of of the conspiracy but at a lesser level of culpability."

Ibid.

"Comparing" Petitioner David Cobb's role to that of Jonathan's role, it is clear, both by the sentencing court conclusions, and as the case is evidenced to the Jury: David Cobb was a minor role player to Jonathan's much more proprietary role in coordinating the effects to produce profits, as to an owner.

9) Defense Counsel's failures (completely) to properly advise Petitioner to the options and benefits of the open plea; when also not addressing prior charges that illegally caused a trigger under the ACCA criteria; caused Petitioner (and his brother) to falsely go to trial; while also misadvising Petitioner of the 21 U.S.C. § 851 notice and failing to provide real notice to Petitioner of the conspriracy charge.

**GROUND 1:** Petitioner files to prevent a complete miscarriage of justice, that would result from allowing a unconstitutional sentence to stand; due to Ineffective Asst. of Counsel concerning an ACCA status prior to trial.

The RECORDS proves without a doubt, that ALL parties Errored in its continual Assertions that both brother's qualified AS AN ACCA participant (status) prior to trial. Petitioner situation SPECIFICALLY should have been EASILY detected AS A matter of LAW Statue # 4.A1.2 (b). the "DEFINITIONS" And Instructions for Computing Criminal History that states The Following:

(a) PRIOR SENTENCE

(1) The term "prior sentence" means any sentence previously im-posed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.

(2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted sepa-rately if the sentences were imposed for offenses that were sep-arated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted sep-arately unless (A) the sentences resulted from offenses con-tained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence cov-ered by (A) or (B) as a single sentence. See also §4A1.1(e).

Petitioner now provides (NEW) EVIDENCE (SEE Attachment #4); that proves that he did not qualify AS AN ACCA participant WHEN the COURT USED A prior that was RUN Concurrently with Another charge. The DELAWARE COUNTY COURT RAN (two) SEPARATE charges / counts in which Petitioner was SENTENCED to both counts / charges on the SAME DAY; such as (2305.04 And 5567.03). Thus Pursuant to the controlled substance Act Amendment (21 U.S.C. 801 Et. seq.) States that, AN individual must serve at least 1-year or more for each prior charged separately; to be Allowed to be USED in other proceedings At the FEDERAL level; Period!

(11)

Accordingly; PETITIONER's (two) Priors RAN CONCURRENTLY, ActuAlly quAlifies
As ONE (1) charge RAN together when sENTENCED (AND lEVied) by A court
ON the sAmE DAy, CANNOT bE lATEr sEpARAtEd AND usEd As two (2)
sEpARAtE chArgEs through prE-triAl procEEdiNgs Nor At A lAtEr DAtE At
sEntENciNg iN FEDErAl court

$I_N$ sum, these charges if argued and explained appropriately, would
have disqualified Petitioner as an ACCA participant. (Note: the
record clearly proves that there was no other outstanding prior(s)
that the Govt could substantiate or use to meet the ACCA criteria
as they admitted to on the record.

## Other Court's agree in favor of Petitioner's claims for Relief

Recently, in the 3rd Cir. in (U.S. v. Aviles, Sr.) No. 18-
2967(2019), ruled that Aviles was charged with various drug offenses
yet his prior state court convictions, the Court decided **did**
**not** qualify as felony drug offenses due to Aviles amoung other
things did not spend more then a year incarcerated on two (2)
of those offenses. _seperately._ Subsequently, in (U.S. v. McAdory), No. 18-
30112 (9th Cir. 2019); much as the same listed in (Aviles); the
9th Cir. went a step further stating, "the priors did not exceed
one year, and none was provided with verifiable written findings
of any of the statutory factors that would justify an upward
departure....(And PSR Report of Colloque's at sentencing does
not suffice").

**GROUND 2:** New claims now raised that could not have been raised in a prior motion; nor presented previously because, the issue now raised, was not available at the time of sentencing pretaining to an illegal (incorrect) 851 enhancement against Petitioner Post Facto of trial.

## The Court Cannot Use Hybrid Convictions As Grounds For _Cobb's_

Court's recently have decided that, Court's cannot use the excuse of hybrid convictions as grounds to deny a defendant fairness to be heard; because, the District Court erred in finding and deciding eligibility of statutes, Court's found such harmful errors must be remanded and vacated of Sentence. (See U.S. v. Hardwick), No. 19-3172 (2020).

As a matter of Constructive Law; Petitioner should have never been considered an ACCA participant prior to trial (along with his brother J. Cobb), and such confusion from the out-set of this criminal proceeding allowed by Ineffective Asst. of Counsel, led to Misadvice in which Just Recently in J. Cobb's Case, The Court ruled beyond a doubt, that had the brother's known before trial that they did not qualify as an ACCA participant then an 851 enhancement would not have come into play because the Gov't would have never filed for an 851 Information of Priors on either individual's. Therefore, D. Cobb is infact innocent of the 851 enhancement prior to trial and would have plead to a lesser sentence similar to his brother J. Cobbs Court finding within J. Cobb's 2255 Petition decided on in 2017. Petitioner's prior sentence must be corrected in accord with his brother downward to 120-months

<u>GROUND : 3</u>   Mr. Cobb (similar to his brother) is extremely deserving of
relief and after serving ten years of his (twenty-four) year
sentence when also considering 3553 factors, should be released
and sentenced to <u>time-served</u>.

Petitioner's motion and argument is similar to that of his brother and co-defendant
J. Cobb; and seeks relief under 18 USC §3553(A)(6), in which the District Courts must
consider avoidance of unwarranted sentence disparities among defendants who have been
found guilty of similar conduct (Kimbrough). Petitioner's brother also argued at the
time of sentencing that the District Court erred by granting the Govt's motion
for an upward variance to give him a sentence significantly higher than the
range recommended by the United States Sentencing Guidelines. The Court must
consider the sentences (and now resentencing) substantive reasonableness based
on the totality of the circumstances.

Petitioner argues that his sentence of 288 months of imprisonment was
unreasonable in consideration of his minor role in the offense; in light of
the factors already cited (encompassed) and co-defendant's relative leadership
role in the conspiracy.

Also of great importance, Petitioner much like his brother J. Cobb; Petitioner
has achieved substantial achievements over the time of his imprisonment, such
as: (2)

    - Certificate of Completion, successfully completed 16 hours of Breaking
Barriers Workship, dated June 7, 2011;

    - National Geographic; 3 classes, dated June 7, 2011;

    - 30 hours Drug Program completion; dated July 31, 2011;

    - Brick Walls classes completed; dated August 18, 2011;

    - OSHA Safety classes completed; dated August 3, 2011;

    - RPP(1) AA/NA completed, dated July 18, 2011;

    - UNICOR Industries Training Class, dated June 15, 2012;

    - Beginner's Spinning Class, completed, dated November 7, 2012;

    - Basketball officials training, completed, dated November 21, 2012

    - Plyometrics, completed, dated July 25, 2013;

    - Wellness video class completed; dated April 1, 2015;

    - Crochet Class completed, dated April 20, 2017;

    - Certificate of Completion Forklift Operations & Safety Training;
dated December 21, 2018;

    - Authorization Letter from Factory Foreman (Mr. M. Sauder , stating
Petitioner (Mr. Cobb) gained a total of 12,569 hours of training in Executive
Office Furniture and Chair Manufacturing at the Allenwood UNICOR Factory;

Such achievements prove that Petitioner has worked extremely hard to engage in efforts to reform his mental foundations to transform his behavior over the time of his incarceration. As in Petitioner's brother's circumstance, Petitioner is not a further danger to the public. After review by the Court, Petitioner states as a fact; when given the same latitude provided to J. Cobb, and as a matter of the Rule of Law, Petitioner qualifies for at least the same reduction granted to J.Cobb who was determined to be the leader of the conspiracy and crimes committed.

Petitioner prays that the Court will appropriately review the (3) three criteria/areas given by this Court for J. Cobb in which he was Granted relief in the instances of: (1) imprisonment reconsideration pursuant to 18 USC §3553(A) factors, including the seriousness of the offense; adequate deterrence to others and protection of the public.

Footnote (2) See Attachment of certificates herein this Motion

**GROUND 4:** Petitioner qualifies for Relief Based on Sentencing Disparity as a matter of Law

It must not be understated, when imposing a Federal Sentence (or resentence), ~~disparities; District courts must also consider "the need to avoid unwarranted~~ sentence disparities among defendants who have been found guilty of similar conduct." (18 USC §3553A(A)(6). (See <u>Kimbrough v. U.S.</u>) 552 U.S. 85, 108 (2007). Additionally; this statute requires a sentencing court to consider any resentencing of co-defendants by also reviewing nationwide sentencing disparities under procedural reasonableness. (See, <u>Titchell v. U.S.</u>), 261 F.3d 348, 2001 Appx. Lexis 18480 (3rd Cir. 2001).

Of great importance; a review of the discrepancies that arose (at sentencing and/or resentencing) when the sentencing courts did not look at the actual participants in the crime in determining the minor role reduction, regardless if co-defendants not having similar records, applies to Petitioner in comparison to his brother, J. Cobb, where in summary is as such:

Some courts "assessed" a defendant against a hypothetical average participant. See, e.g. <u>U.S. v. Teeter</u>, 257 F.3d 14, 30-31 (1st Cir. 2001)(writing that a defendant must demonstrate that he is both less culpable than most other participants in his crime and also less culpable than the majority of those within the universe of persons participating in similar crimes). In the Ninth and Seventh Circuits, however, the "relevant comparison" was between the Defendant and other actual participants in the same crime. See, U.S.S.G.App.C.Amend. 794; <u>U.S. v. Rojas-Millan</u>, 234 F.3d 464, 473 (9th Cir. 2000); <u>U.S. v. Davis</u>, 938 F.2d 744, 747 (7th Cir. 1991).

Finally, at best, defense counsel could have argue similar conduct of other co-defendant's by law needing to avoid sentencing disparities; and at best, counsel should have argued and presented a nationwide approach to address the ridiculous sentence imposed on Petitioner of (24 years).

What really establishes Petitioner's counsel's performance as falling below an objective professional standard of reasonableness is counsel's failure to address correctly both sentencing disparity matters. Every circuit court to address the subject of sentencing disparity has concluded that to "base a defendant's sentence on a co-conspirator's sentence is a short-sighted approach, and that the guideline's goal is national sentencing uniformity across the country."

See United States v. Joyner, 924 F.3d 454, 460 (2d Cir. 1991); United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006); United States v. Whithers, 100 F.3d 1142, 1149 (4th Cir. 1996); United States v. Simmons, 501 F.3d 620, 623 (6th Cir. 2007); United States v. Saeleurn, 504 F.3d 1175, 1181 (9th Cir. 2007); and United States v. Williams, 980 F.3d 1463, 1467 (DC Cir. 1992). All these circuit Courts clarify that the goal of the U.S. Sentencing Commission was to eliminate unwarranted sentencing disparities nationwide.

In summation, Petitioner's counsel could have easily consulted the national statistics concerning defendants who were similarly situated as Petitioner. These statistics are readily available on the U.S. Sentencing Commission Website. As the record demonstrates, however, Petitioner's counsel made no attempt whatsoever to investigate what the national average sentence defendants have been receiving for the past five years for Petitioner's crime. If properly investigated and further advocated at sentencing. Petitioner's counsel could have very well secured a sub-stantially lower sentence for the Petitioner, in conformity with the national average.

Petitioner has served 10½ years of his (24-year) sentence; had he not had eggregious ineffective Asst. of Counsel, similar to his Brother's situation Petitioner could have (would have) plead to a much lesser sentence of 10-years.



## V. Conclusion

Petitioner's 2255 (h)(2) petition is to correct the sentence imposed wrongfully
Due to massive and repeated violations of Ineffective Assistance of counsel

Based upon the foregoing undisputed factual and legal issues, Petitioner
contends that, cumulatively speaking, there can be no doubt that he was denied
a fair trial in violation of the Fifth and Sixth Amendment's mandate that
a defendant is entitled to the effective assistance of counsel. Moreover,
both US Supreme Court authorities in Strickland v. Washington and Molina-Martinez
have been violated because of counsel's deficient performance causing counsel
finally to be removed as defense counsel by the court as well as the "plain
harmful errors" committed by the court at sentencing.

Under Molina-Martinez, Petitioner is not required to prove any additional
facts or provide additional evidence to show that the sentencing errors--where
the district court applied the incorrect Guidelines--affected his substantial
rights.

Similarly, where defense counsel failed to review and discuss the Plea Agreement
with Petitioner; while exposing him to enhanced range on misadvice of a plea;
there is no excuse for Petitioner to suffer injustice. Therefore, the court
retains the power to set aside the restitution order. Restitution ordered
by the Court has to relate to the offense charged, and be within the statutory
powers of the court, and restitution that is outside the statutory powers
of the court will be set aside on appeal as "plain" error even if the amount
of restitution was stipulated to at sentencing. See, United States v. Behrman,
235 F.3d 1049, 1052-1053 (7th Cir. 2000). An illegal sentence is an illegal
sentence!

Numerous courts have varied downward taking this into consideration. See United States v. Hadlye No. 6:06-cr-209-Orl-37KRS (M.Dist. Fla. 2019) where the Court varied downward reducing the defendant's life sentence to a term of time served. Varying downward because the guideline range of 360 months was unnecessary to meet the objectives of sentencing. Moreover, the Court found that other courts have varied downward from guidelines sentence or reduced sentences to time served in the First Step Act context, noting that the defendants prior convictions no longer qualified for 851 or career offender purposes. See also, United States v. Lee No. 1:08-cr-24-7, 2019 U.S. Dist. LEXIS 116724, 2019 WL 3073992 at (W.D.V.A July 15, downward to time served from guideline range from 360 to life with career offender designation and §851 enhancement); United States v. Biggs Case No. 05 CR 316, 2019 US Dist LEXIS 81509, 2019 WL 2120226 at 3-4* (N.D.Ill. May 15, United States v. Simon, 375 F.Supp 3d at 388-89 (varying downward and reducing sentence to time served); United States v. Mitchel no. 05-110 (EGS) 2019 U.S. Dist LEXIS, 107396, 2019 WL 2647571 at 7-8* (D.D.C June 27, 2019); United States v. Anthony, Case No. 6:07-cr-8-1 Dist.LEXIS 86590, 2019 WL 2216548, 2019 U.S. Dist. LEXIS 33356, 2019 WL 1007100 at (W.D.Va Mar. 1, United States v. Foreman. Case No. 1:06-CR-30, 2019 US Dist. LEXIS 115862, 2019 WL 3050670 at (W.D.Mich July 12, downward): United States v. Vanburen, Case No. 2019 U.S. Dist LEXIS 117842 2019 WL 3082725, at 5-6 (W.D.Va. July 15, 2019)

## Reasons For Granting The Petition

Lastly, the District Court despite many recent Supreme Court favorable rulings to the Petitioner for Grounds now before this Court within this filing; the Court *previously* would not fully consider the legal grounds that Petitioner now puts before this Court. Petitioner seeks to have his claims heard before the Court on new claims raised (presented) previously because issues raised was not available at the time of sentencing to prevent a complete miscarriage of Justice that would result from allowing an unconstitutional sentence to stand; changes in the law (and statutes) that directly effect the Guideline Range of Petitioner's sentence or incorrectly created resulting in an improper classification of sentence; and newly discovered evidence that the District Court errored (harmfully) by ruling on Petitioner's first 2255 petition when not uncovering that Petitioner still had legal representation unbeknownst to Petitioner or the District Court. Accordingly, Petitioner claims his innocence of claims and enhancements never proven; as well as, due to new laws in support of Petitioner's Motion for Relief.

This Court is asked to provide Mr. Cobb a sentence reduction to time-served for his offense. Mr. Cobb. has overserved his mandatory minimum sentence, having been incarcerated for more than 10 years. A sentence reduction is warranted not only due to the racial disparity in sentencing for crack cocaine cases, and the excessively punitive nature of sentencing for crack cocaine offenses prior to 2010, but also because Mr. Cobb has strived to better himself throughout his sentence. *(AND A lIKE)*.

WHEREFORE, David Cobb humbly requests that pursuant to recent g-ranting of his co-defendant (Brother J. Cobb) reduction of sentence of (108) months; thus changing his Guidelines from (288) months downward to (180) months; due to reconsideration by the Court under the First Step Act and 18 USC §3553 (A) factors, including the seriousness of the offense and roles, adequate deterrance to others, and protection of the public. Petitioner seeks at worse the exact downward reduction of (108) months for all claims advanced by this brother having an admitted minor role in the offense/crime, found by the Court; and in light of District Court's having to consider the need to avoid unwarranted sentence disparities among defendant who have been found guilty of similar conduct (Kimbrough) as well as in the Interest of Justice (See Ceyler v. Sullivan), 446 U.S. 335 64 L.Ed 2d 333, 100 S.Ct. 1708 (1980), finding the Court's must apply fair treatment of people and proper administration of the laws and a Motion and Notice that it is exceptional circumstances make

it desirable for the Court to apply equitable relief for similar conduct of individuals within the same criminal activity. Such relief Granted would allow Petitioner (like his brother) to be released in 2020. Petitioner seeks a sentence downward to time served based on the First Step Act of 2018; in which Petitioner now qualifies for as a matter of law, change in the statue and thus the Court may release Petitioner immediately (while also reducing his supervised release to 3-years); and to the extent possible; Mr. Cobb, asks this court to act expedituously on this Motion and any further relief as this court deems proper and necessary in the Interest of Jusitce.

DATED: April 28 , 2020

Respectfully Submitted,

David Cobb

David Cobb
Fed No.: 64303-066
LSCI ALLENWOOD - LOW
P.O. BOX 1000
White Deer, PA 17887

## AFFIDAVIT

I Hereby Certify that the foregoing facts are true and correct to the best of my knowledge and belief under penalty of perjury as per 28 USC Section 1746.

_David Cobb_

DAVID Cobb, Pro Se

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Petition/Motion was mailed on this _29th_ day of _April_____, 202_0_, by First Class Mail, postage prepaid to:

Office of the US Attorney
_William M. McSwain_
_615 Chestnut Street (Suite 1250)_
_Phil, PA 19106-4476_

_David Cobb_

DAVID Cobb, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | 09-733-02 |
| v. | : | |
| | : | |
| DAVID COBB | : | |

## ORDER

**AND NOW**, this **12th** day of **March, 2020**, upon consideration of Cobb's pro se motions to: (1) update his mailing address (ECF No. 313); (2) to reduce his sentence under the First Step Act (ECF No. 314); and (3) file a reply (ECF No. 317), and the response thereto, it is hereby **ORDERED** that:

1.　the motion to update Cobb's mailing address (ECF No. 313) is **DENIED as moot**. The address listed on ECF is his current address;

2.　the motion to reduce his sentence (ECF No. 314) is **DENIED**;[1] and

---

[1]　　Cobb seeks resentencing pursuant to Section 404 of the First Step Act of 2018 which made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine. Cobb is not eligible for relief under Section 404 because he was not convicted of an offense involving crack cocaine.

　　Cobb also argues that his sentence should be reduced because the First Step Act modified the convictions that may serve as predicates for a 21 U.S.C. § 851 enhancement. However, the applicable section of the First Step Act, Section 401, is not retroactive, and therefore is inapplicable to Cobb. See First Step Act § 401(c); United States v. Willis, 417 F. Supp. 3d 569, 593 (E.D. Pa. 2019).

　　The remainder of Cobb's claims, including ineffective assistance of counsel, are not cognizable under the First Step

*Attachment #1*

3.    the motion to file a reply (ECF No. 317) is **GRANTED**.

**IT IS SO ORDERED.**

                              */s/ Eduardo C. Robreno*
                              EDUARDO C. ROBRENO,       J.

_____

Act.

3

1          (The following was heard in open court at

2   9:14 a.m.)

3          THE COURT:  Good morning.  Please be seated.

4          ALL:  Good morning, Your Honor.

5          THE COURT:  We are here today to sentence the

6   defendant, David Cobb.  The defendant was convicted on

7   June 25, 2010 of conspiracy to distribute five hundred

8   grams or more of cocaine and knowing and intentionally

9   possessing with intent to distribute and aiding and

10  abetting the possession with intent to distribute of

11  five hundred grams or more of cocaine.

12          In connection with the sentencing I have

13  reviewed the presentence investigation report and the

14  recommendation prepared by the probation office, the

15  defendant's sentencing memorandum, the government's

16  sentencing memorandum, the government's response to the

17  defendant's sentencing memorandum, and certain letters

18  which were sent by the Cobb family and by others who

19  know Mr. Cobb and his brother, Jonathan,

20  his sister-in-law among one of them.

21          Would the deputy please swear the defendant?

22          DAVID COBB, Defendant, Sworn.

23          COURTROOM DEPUTY:  Please state your name for

24  the record.

25          THE DEFENDANT:  David Cobb.

ATTACHMENT # 2

5

1    right now --

2           THE COURT:  Very well.

3           MR. JARVIS:  -- the specific --

4           THE COURT:  Ms. Marston, have you had a

5    chance to consider that?

6           MS. MARSTON:  Your Honor, I believe because

7    he's going -- our position is he's a career offender

8    that he would still be a career offender, and

9    therefore, it won't have an effect would be our

10   position.

11          THE COURT:  Well, what is the difference

12   between the two?  Regrettably, the probation officer

13   has not shown up yet so we are at a disadvantage.

14          MS. MARSTON:  If he's -- the difference if

15   he's not a career offender?

16          THE COURT:  No, the difference between the

17   guidelines of November 1, 2009 and the prior

18   guidelines.

19          MS. MARSTON:  It is my understanding that it

20   won't make a difference because he's a career offender.

21   If he wasn't designated as a career offender, then it

22   would come into play.

23          THE COURT:  Okay.

24          MR. JARVIS:  Well, we are disputing the

25   classification of my client as a career offender, Your

7

1   2009, and my understanding, Your Honor, is that the

2   guidelines have been revised, effective I believe

3   November of 2010.  And my understanding is that those

4   guidelines may be more favorable to my client in the

5   sentencing proceeding today.

6          Now, the other question was raised as to

7   whether or not he's a career offender, and I do agree

8   with the Court that that determination could be -- you

9   know, should be made before we would consider the

10   favorable -- the favorable treatment under the new

11   guidelines.

12          THE COURT:  So that if he is found to be a

13   career offender, the November 1, 2010 version of the

14   guidelines would not be implicated in this case?  Is

15   that -- is that what you're saying?

16          MR. JARVIS:  As I stand here right now, Your

17   Honor, that's my understanding.

18          THE COURT:  Yes.  Is that your understanding?

19          MS. MARSTON:  The calculation would be the

20   same, is my understanding, between the old and the new

21   if he is a career offender.  If he's not a career

22   offender, my understanding is the only difference would

23   come into play -- and you can correct me if I'm wrong,

24   probation officer -- is page twelve, paragraph fifty-

25   eight, would be the two points.

12/11/2019

Def. Ex. 3. Nonetheless, Cannon testified that he must have realized Petitioner was not a career offender sometime between writing those notes and writing the letter to Petitioner that same day, although the letter did not mention that realization. Hr'g Tr. 28:1-13, 33:4-35:1. And Cannon maintained that even if he did not come to that realization on June 1, "the important thing" is that he did learn before trial that Petitioner was not a career offender. Id. 48:22-49:11, 55:4-7.

Petitioner also testified. He stated that he learned for the first time that he was not a career offender when he received his presentence investigation report, and that Cannon also seemed surprised to learn of that fact. Id. 57:8-25. Petitioner testified that he could not recall Cannon telling him about the option of pleading open, id. 59:16-24, and that Cannon only urged Petitioner to "plead guilty with continued cooperation," id. 60:7-11. He also said that he did not understand from the June 1 Letter that "simply pleading guilty" meant that Petitioner could plead guilty without cooperating with the Government, or what the benefits of doing that would be. Id. 65:15-67:12.

A week after the evidentiary hearing, Cannon sent a follow-up letter to the Government. The parties filed a stipulation supplementing the record with this letter, which stated:

*ATTACHMENT #3*

12/11/2019

The sub issue that evolved at the hearing was whether, going into trial the defendant believed himself to be a career offender with an offense level of 37 and a criminal history of 6 (360 to life) or a 28/5 (130-162 months). Based on Cobb's 3 prior felony convictions (2 armed robberies and possession with intent to deliver) both Larry Leverett and I were both of a mind that he was a career offender. Relying on my letter to Cobb of June 1, 2010 it is clear that I was still under that impression as of that date. Nevertheless at the hearing I testified that prior to the commencement of trial on or about June 18, 2010 (a 7 day trial with a jury verdict on June 25, 2010) that I had come to realize that he was not a career offender and had communicated that to him in one or more of the several conferences we had immediately before trial. I so testified because while trying to recall events that had taken place over 4 years earlier that is what I believed. I was sworn to tell the truth at the hearing and had no incentive to try to offer anything else.

When I saw that this litigation had not been concluded I was prompted to call Larry Leverett. We spoke and it was his recollection that he did not realize that Cobb was not a career offender until the PSR issued (post trial, of course). If his recollection is correct then there is little doubt that I too believed Cobb to be a career offender entering into trial in which case Cobb would have shared that belief based on my advice. At any rate if Cobb testified at the hearing that he believed himself to be a career offender entering into trial then he is probably correct for whatever impact that testimony matters in resolving the 2255. As an officer of the Court I thought it necessary to bring all of this to your attention.

Stipulation, ECF No. 250.[3]

---

[3]     The parties did not ask to reopen the hearing to take Leverett's testimony live or to recall Cannon to the stand to test his refreshed recollection.

Modified Sentence

## DELAWARE COUNTY COURT OF COMMON PLEAS
### CERTIFICATE OF IMPOSITION OF JUDGEMENT OF SENTENCE

COMMONWEALTH OF PENNSYLVANIA VS. David Cobb

D.O.B. 6·7·71        SEX M /F        RACE B

Case Record No. 2305·04        OTN No.: H904535·2

| Info | Charges | Grading | Info | Charges | Grading |
|------|---------|---------|------|---------|---------|
| B | Delivery of a Controlled Substance | UF | | | |

**A.** Info — TOTAL CONFINEMENT is imposed with regard to the following charges:

| | Minimum | Maximum | DCP | SCI | FINE |
|---|---------|---------|-----|-----|------|
| B | 42 mons | 84 mons | | X | |

**B.** Info — PROBATION is imposed with regard to the following charges:

| Term of Probation | STATE | CTY | FINE |
|-------------------|-------|-----|------|
| | | | |

2005 MAY 11 PM 3: 58
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

**C.** Info — INTERMEDIATE PUNISHMENT is imposed to the following charges:
Term of Probation

**D.** Defendant is ordered to pay RESTITUTION to the following persons:

| Name | Address | Sum |
|------|---------|-----|
| District Attys. Office | ____Joint/Several | $360.00 |

**E.** List SPECIFIC CONDITIONS

____Immediate Parole
____Complete CRN / Follow Rec. /Safe Driving
____Ignition Interlock Ordered
____Serve____weekends starting____at____pm/am
____Placed on EMP for____days
____Perform____hours of Community Service
____Perform____2 day periods of Community Service
____No contact with victim
____Participate in____Group
____Paroled to D&A Inpatient program upon available bed date

____Complete and/or follow recommendation of Diagnostic Services
____Drug &Alcohol Evaluation
____Drug & Alcohol and Psychological Eval.
____Psychological Evaluation
____Psychiatric Evaluation
____Psychosexual Evaluation
X $100.00 Mandatory Cost Assessment per Substance Abuse Demand and Reduction Fund
____Submit to DNA Testing
____Register under Megan's Law

Other _____

**F.** The defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania.
The sentences, confinement, and/or probation imposed shall be consecutive or concurrent as follows: 2305·04 to run concurrent to 5526?·03
The aggregate term of confinement is a period of not less than____
nor more than____

The aggregate term of probation is ____
Costs of prosecution are imposed on the (X) defendant ( )Delaware County
(X) NOLLE PROSSE REMAINING CHARGES
(X) APPEAL RIGHTS GIVEN

Date: 5·11·05

Sentencing Judge

Name ADA: K. Copland        Name Def. Atty: M. Malloy

NOTE CAREFULLY: If Section 17" or "Section 18" appears, this is 35 P.S. §§ 780-117 or -118 without adjudication of guilt.

Attachment #4

This Certificate is awarded by Federal Prison Industries for on-the-job training to **DAVID COBB**. He has gained a total **12,569** hours of training in Executive Office Furniture and Chair Manufacturing at the Allenwood UNICOR Factory. His areas of training and instruction included Computer Numerical Control Machine (CNC) Operator, including 5-Axis Router and Thermood Operation, Quality Assurance Inspector, Industrial and Lab Clerk for UNICOR Product Support Center and Licensed Forklift Operator.

Mr. Cobb also assists in the training of new hires and development of new product lines and processes for the completion of testing and creation of those products. All of this is done while he assists in making sure that the factory is in compliance with federal regulations for worker and environmental safety, including record keeping and local guideline creation for them.

July 23, 2019

M. Sauder, Factory Foreman

ATTACHMENT(S)




# Certificate of Achievement



This certifies that

DAVID COBB

## has satisfactorily completed

OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION
GENERAL INDUSTRY SAFETY AND HEALTH
OUTREACH TRAINING PROGRAM

### Consisting of __10__ Hours of Training

### This certificate is hereby issued this __29__ day of __AUGUST__, 20 __11__

INTRODUCTION TO OSHA
PERSONAL PROTECTIVE EQUIPMENT
HAZARD COMMUNICATION
FLAMMABLE AND COMBUSTIBLE LIQUIDS
MEANS OF EGRESS AND FIRE PROTECTION

MACHINE GUARDING
ELECTRICAL AND LOCKOUT/TAGOUT
WALKING AND WORKING SURFACES
CONFINED SPACE PROCEDURES

OCCUPATIONAL SAFETY &
ENVIRONMENTAL HEALTH ADM.

__R. M. MUDGE__

# Training Certification

## This is to certify that

### David Cobb

has successfully completed the Quality Assurance Inspector Training Course at the LSCI Allenwood Dimension Mill. This training included 30 hours of classroom instruction in ISO 9000:2000 and Quality Management System requirements, Blueprint Reading, Item Standard Routing Comprehension, Job Packet Processing, Quality Inspection Standards, Quality Assurance Policies and Tool Usage as well as 96 hours of supervised on-the-job training in the above mentioned fields.

Certified July 17th 2012

C. Davis, Quality Manager

*Federal Correctional Complex*
*LSCI Recreation Department*
*Allenwood, PA*

# CERTIFICATE OF COMPLETION



This certificate is awarded to

COBB, D.

for successfully completing
VIDEO WELLNESS



Consisting of 8 Hours of Training

Awarded
APRIL 1, 2015

_____
D. Kriebel, Assistant
Supervisor of Recreation

_____
D.J. Flick
Recreation Specialist



L.S.C.I. Allenwood

# Certificate of Completion

presented to:

## David Cobb

Has successfully completed 16 hours of
BREAKING BARRIERS WORKSHOP.

*The Allenwood Education Department*

*White Deer, Pennsylvania*

Given this date: June 7, 2011

_____
Coordinator

_____
Assistant Supervisor of Education

**Certificate of Achievement**
**Psychology Department**

**This certifies that**

**David Cobb**



**has**
**satisfactorily completed**
**the**

**Drug Education Course**

consisting of <u>15</u> hours of classroom

<u>hereby issued the 26th of July, 2011</u>

S.Eisner, Drug Treatment Specialist



Date

7/26/2011

# CERTIFICATE OF COMPLETION

Awarded to

## DAVID COBB

For successfully completing

### Forklift Operations & Safety Training

*November 27 through December 21, 2018*

*Training was comprised of 15 hours of classroom instruction with a written examination and a driving familiarization session including a performance evaluation. All training was conducted in accordance with OSHA 29 CFR 1910.178 by a Lift, Inc. certified instructor.*

Evaluation Date: December 21, 2018

Evaluated by: R. George

*Teacher, LSCI Allenwood, White Deer, PA*

```
REGISTER NO: 64303-066     NAME..: COBB              FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: ALF-ALLENWOOD LOW FCI
```

```
---------------------------- EDUCATION INFORMATION ----------------------------
FACL ASSIGNMENT DESCRIPTION                START DATE/TIME STOP DATE/TIME
ALF  ESL HAS    ENGLISH PROFICIENT         12-06-2010 0923 CURRENT
ALF  GED HAS    COMPLETED GED OR HS DIPLOMA 12-06-2010 1634 CURRENT
```

```
---------------------------- EDUCATION COURSES ----------------------------
SUB-FACL  DESCRIPTION                   START DATE  STOP DATE EVNT AC LV  HRS
ALF       ACE PLANET EARTH COURSE       04-27-2017 06-29-2017  P  C  P    20
ALF       CROCHET                       04-11-2017 04-20-2017  P  C  P     6
ALF       WELLNESS VIDEO CLASS          02-11-2015 04-01-2015  P  C  P     8
ALF       PLYOMETRIC                    05-30-2013 07-25-2013  P  C  P     2
ALF       BASKETBALL OFFICIALS TRAINING 11-14-2012 11-21-2012  P  C  P     4
ALF       BEGINNERS SPINNING            09-12-2012 11-07-2012  P  C  P     4
ALF       UNICOR INDUSTRIES TRAIN CLASS 06-04-2012 06-15-2012  P  C  P    21
ALF       RPP(1)- AA / NA               03-07-2011 07-18-2011  P  C  P    15
ALF       OSHA SAFETY CLASS             08-03-2011 08-03-2011  P  C  P    10
ALF       RPP(6)- BRICK WALLS           08-04-2011 08-18-2011  P  C  P     8
ALF       RPP(6)- (30)HOUR DRG PGM      06-09-2011 07-31-2011  P  C  P    13
ALF       NATIONAL GEOGRAPHIC 3         04-05-2011 06-07-2011  P  C  P    20
ALF       RPP(6)- BREAKING BARRIERS     05-17-2011 06-07-2011  P  C  P    16
```

```
G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

Attachment #2

DAViD CoBB-64303-066

LOW SECURITY CORRECTIONAL INSTITUTION/ALLENWOO

P.O.BOX 1000

WHITE DEER, PA. 17887


CERTIFIED MAIL

7019 2280 0000 7074 5004







U.S. POSTAGE PAID
FCM LG ENV
WHITE DEER, PA
17887
APR 29, 20
AMOUNT
$0.00
R2305K138972-08

1000          19106

OFFiCE OF CLERK
US DiST. COURT /EDPA
601 MARKEt St. RM.2609
PHiLA, PA. 19106-1729

AttN.(CLERK of courts)



Low Security Correctional Institution
Allenwood, PA 17887
Date_____
The enclosed letter was processed through
special mailing procedures for forwarding to
you. The letter has neither been opened nor
inspected. If the writer raises a question or
problem over which this facility has
jurisdiction, you may wish to return the
material for further information or clarification

