# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

               v.                  :       **Cr. No. 09-733-02**

DAVID COBB                          :

## ORDER

**AND NOW**, this     day of       , 2020, upon consideration of the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and the government's response to the motion, it is hereby **ORDERED** that the motion is **DISMISSED**. The motion is a second or successive motion under Section 2255, and therefore may not be filed without permission of the Court of Appeals, which the defendant has not received.

**BY THE COURT:**

_____
**HON. EDUARDO C. ROBRENO**
**United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Cr. No. 09-733-02** |
| **DAVID COBB** | : | |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Defendant David Cobb has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Cobb has previously sought relief under 28 U.S.C. § 2255. Therefore, he may not present a second or successive 2255 motion without permission of the Court of Appeals. He has not received that permission, and this Court must summarily dismiss the current motion.

## I.   BACKGROUND

On April 19, 2010, a grand jury in the Eastern District of Pennsylvania returned a superseding indictment charging defendant David Cobb and two co-defendants with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of and aiding and abetting the possession of 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The government subsequently filed an information pursuant to 21 U.S.C. § 851 citing a prior felony drug conviction. Cobb proceeded to trial, and on June 25, 2010, a jury convicted Cobb of both offenses.

The Probation Office determined that Cobb's offenses involved three kilograms of

cocaine, which carried a base offense level of 28. Because Cobb had three prior convictions for drug trafficking offenses and was classified as a career offender pursuant to Section 4B1.1. As a career offender, his offense level was 37. Cobb was in criminal history category VI, and his advisory guideline range was 360 months to life. Because the government filed an 851 notice, he was subject to a mandatory minimum sentence of 10 years, pursuant to 21 U.S.C. § 841(b)(1)(B).

At the sentencing hearing on November 3, 2011, this Court sentenced Cobb to 288 months' imprisonment. Cobb appealed his conviction. On May 25, 2012, the Third Circuit affirmed this Court's judgment. *See United States v. Cobb*, 483 F. App'x 719, 725 (3d Cir. 2012) (not precedential).

On September 24, 2013, Cobb filed a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. Section § 2255, contending that trial counsel was ineffective in several regards. The government filed a response in opposition, asserting that the motion was not filed within the applicable one-year limitation period and should be dismissed.[1]  The government noted that even if considered on the merits, Cobb's claims were meritless and should be denied. On September 5, 2014, this Court dismissed Cobb's 2255 motion on the ground that it was untimely.

On November 8, 2016, Cobb filed a second motion under Section 2255, in which he sought a sentence reduction pursuant to Amendment 794 to the Sentencing Guidelines. This Court denied the motion on April 3, 2017. The Court determined that the motion was properly construed as a motion for a sentence reduction under 18 U.S.C.

---

[1]   The Court noted that the Third Circuit decision was issued on May 25, 2012, and Cobb's one-year period expired on August 23, 2014. Cobb filed his motion on October 24, 2013, beyond the one-year deadline.

§ 3582(c)(2) on the basis of a retroactive guideline amendment, rather than a motion for relief under Section 2255, and that Amendment 794 did not apply retroactively.

In March 2018, Cobb filed a motion for a reduction of sentence pursuant to Section 3582(c)(2) and Amendment 782 to the Guidelines, which lowered the base offense levels in Section 2D1.1 for most drug offenses. In December 2018, the Court denied the motion on the ground that Cobb's guideline range was set by the career offender provision, and the amendment to Section 2D1.1 did not lower Cobb's guideline range. Cobb then filed a motion for reconsideration of this ruling, which was denied by the Court on October 21, 2019.

On January 3, 2020, Cobb filed a motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018. Section 404 made retroactive the Fair Sentencing Act of 2010, which altered the statutory penalties applicable to crack cocaine offenses by increasing the threshold quantities that triggered the penalties set forth in Sections 841(b)(1)(A) and (b)(1)(B). Cobb also raised several additional claims for relief, asserting that he was improperly classified as a career offender, that his trial counsel was ineffective in several respects, and that the First Step Act invalidates the predicate prior conviction that formed the basis of the Section 841 enhancement that applied at sentencing.

The government opposed the motion on the ground that the Fair Sentencing Act did not alter the statutory penalties for powder cocaine offenses, and accordingly, retroactive application of the Fair Sentencing Act did not reduce Cobb's statutory penalties, and he was not eligible for relief under Section 404 of the First Step Act. The government contended that Cobb's other claims for relief were not cognizable under

Section 404 of the First Step Act. With respect to his claim regarding the enhanced

statutory penalty, the government noted that although Section 401 of the First Step Act

modified the set of statutory offenses that may serve as predicates for an enhanced

statutory penalty under Section 841, Congress did not make this provision retroactive,

expressly stating that it applies only to persons sentenced after the date of enactment,

December 21, 2018.

This Court denied Cobb's Section 404 motion on March 13, 2020. The Court

found that Cobb was not eligible for relief under Section 404 because he was not

convicted of an offense involving crack cocaine, and that Section 401 of the Act did not

apply retroactively, and therefore was inapplicable to Cobb.

On June 4, 2020, Cobb filed a new motion for relief under Section 2255, claiming

that counsel was ineffective at sentencing in several respects, and resurrecting his

challenge to the Section 851 enhancement applied at sentencing on the basis of "new

law," presumably Section 401 of the First Step Act. This motion must be dismissed.

## II.   Discussion

A second or successive Section 2255 motion must be certified, as provided in

Section 2244, by a panel of the appropriate court of appeals. Cobb has not obtained

permission to file a successive petition from the Court of Appeals. Accordingly, this

Court lacks the authority to consider his motion and it should be summarily dismissed.

As an initial matter, Cobb suggests that his current petition should not be treated

as a successive petition because his initial petition was dismissed as untimely. He is

wrong. A petition is second or successive if a prior petition "raising claims regarding the

same conviction or sentence [ ] has been decided on the merits." See, *Corrao v. United*

*States*, 152 F.3d 188, 191 (2d Cir.1998).Cobb's petition was dismissed because the district court determined that it was not filed within the one-year limitations period. A petition dismissed as time-barred is considered a decision on the merits. *See Villanueva v. United States*, 346 F.3d 55, 58 (2d Cir.2003); (motion under 28 U.S.C. § 2255 considered second or successive if prior motion dismissed as untimely); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior petition that was dismissed as untimely counts as an initial petition because the "statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); *Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) (not precedential) (because Rohn previously filed a § 2254 petition that was dismissed as untimely, that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)).

Thus, although Cobb's motion must be dismissed as an unauthorized successive petition, for the benefit of the Court, we explain here why Cobb will not receive permission from the Court of Appeals should he seek it on the issues he presents.

A second or successive petition will be authorized only on the basis of: 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). In order to prevail under Section 2255(h)(2), the petition must show first that the rule on which the claim relies is a "new

rule" of constitutional law; that the rule was "made retroactive to cases on collateral review by the Supreme Court;" and that the claim was "previously unavailable." *Tyler v. Cain*, 533 U.S. 656, 662 (2001). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(B), (C).

Here, Cobb seeks relief under Section 2255(h)(2), primarily on the ground that counsel was ineffective at sentencing. He contends that counsel was ineffective at sentencing for failing to challenge his classification as a career offender and his "ACCA" status, failing to challenge the Section 851 enhancement, and failing to argue that a guideline sentence would result in unwarranted sentencing disparities with other defendants. He also contends that his sentence was substantively unreasonable and that he deserves relief based on post-conviction rehabilitation. He also cites "newly discovered evidence" regarding his predicate conviction for the 851 enhancement which he claims establishes that the prior conviction was not a qualifying offense. Finally, he states that he is "refiling" his claim from his initial petition that counsel was ineffective in the plea process.

None of these claims are predicated on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." Cobb was not an armed career criminal under 18 U.S.C. § 924(e), so his claims regarding the "ACCA" enhancement are completely baseless. Cobb's claims regarding the 851 enhancement appear to be based on Section 401 of the First Step Act, which does not apply retroactively. Cobb is not permitted to pursue his ineffective

assistance claims in a successive petition, as these claims either were or should have been presented in his untimely initial petition.

To the extent Cobb contends that his career offender sentence violates the Equal Protection Clause because it results in unwarranted sentencing disparities, this claim also fails. Because the Commission's distinction between those defendants whose sentences are determined by Section 2D1.1 and those whose sentences are set by other guideline provisions, including the career offender guideline "neither burdens a fundamental right nor targets a suspect class," the distinction must be upheld if "it bears a rational relation to some legitimate end." *Doe v. Pennsylvania Bd. of Probation and Parole*, 513 F.d 395, 107 (3d Cir. 2008), citing *Romer v. Evans*, 517 U.S. 620, 631 (1996). A classification passes rational basis review "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.,* citing *FCC v. Beach Communications*, 508 U.S. 307, 313 (1993). The movant bears the burden of negating "every conceivable basis which might support it." *Heller v. Doe*, 509 U.S. 312, 320 (1993).

The distinction between defendants whose sentences are set by Section 2D1.1 and those who are sentenced under the career offender guideline clearly has a rational purpose. In addressing the reason for the amendment to Section 2D1.1, the Commission explained that the base offense levels were originally set slightly above the corresponding statutory mandatory minimum penalties to permit a downward adjustment for defendants who pled guilty or cooperated. After hearings on the matter, the Commission determined that it was no longer necessary to set the base offense levels above the mandatory minimum in order to achieve this purpose. The Commission

further explained that the amended guideline more adequately differentiated among drug trafficking defendants, and that the amendment was also motivated by a concern for "significant overcapacity" and costs to the Bureau of Prisons. USSG App. C (Nov 1, 2014).

The harsher treatment of career offenders stems from a different congressional directive: "The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for those who meet the statutory qualifications created by Congress. 28 U.S.C. § 994(h). For most other Guidelines, the Commission itself is the source of the guideline range for imprisonment. See 28 U.S.C. § 994(a)-(d). But for career offenders, it was Congress that determined that two prior felony convictions for drug trafficking or a crime of violence demand this special punishment at or near the statutory maximum. See 28 U.S.C. § 994(h). Courts have recognized that the career offender provision bears a rational relationship to a legitimate governmental purpose, that is, "to prevent repeat offenders from continuing to victimize society." *See United States v. John*, 936 F.2d 764, 766 n. 2 (3rd Cir. 1991) (abrogated on other grounds)(rejecting due process and equal protection challenge to the career offender provision); *United States v. Johns*, 984 F.2d 1162, 1164 (11th Cir.1993).("The career offender scheme of using a defendant's criminal record in considering both his offense level and his criminal history under the Sentencing Guidelines bears a rational relationship to a legitimate governmental purpose –'to prevent repeat offenders from continuing to victimize society.' ") citing *John*, 936 F.2d at 766 n. 2); *United States v. Guajardo*, 950 F.2d 203, 208 (5th Cir. 1991) (career offender provision authorizing consideration of past offenses occurring within 15 years

of conviction to calculate sentence was rationally related to achieving goal of having

dangerous criminals serve longer sentences and thus did not violate defendant's equal

protection rights).

Thus, the distinction between career offenders and those sentenced under

Section 2D1.1 not only has a rational basis, but fulfils an express Congressional directive

to punish more harshly repeat offenders with serious prior convictions. Nor does it

result in "unwarranted sentencing disparities" as Cobb claims. The Commission is

tasked with "avoiding unwarranted sentencing disparities among defendants with

similar records who have been found guilty of similar conduct." 28 U.S.C. §

991(b)(1)(B). The distinction between career offenders and defendants with less serious

criminal records promotes rather than defeats this goal.

In sum, should Cobb seek permission from the Third Circuit to pursue his claims

in a successive petition, he will not prevail. In any event, his motion for relief under

Section 2255 must be summarily denied.


Respectfully submitted,


WILLIAM M. McSWAIN
United States Attorney


/s Bernadette McKeon
BERNADETTE McKEON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to the

Defendant's Motion for Relief under 28 U.S.C. § 2255 was served by first-class mail

upon:

> Mr. David Cobb
> Reg. No. 64303-066
> FCI Allenwood Low
> Federal Correctional Institution
> P.O. Box 1000
> White Deer, PA 17887

/s/ Bernadette McKeon
BERNADETTE McKEON
Assistant United States Attorney

Date:   June 30, 2020