```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

United States of America,     :    CRIMINAL ACTION
                              :    NO. 09-733-02
     v.                       :
                              :
David Cobb.                   :
```

### ORDER

**AND NOW,** this **1st** day of **July, 2020,** it is hereby **ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 320) is **DENIED.**[1] And the petition is **DISMISSED without prejudice.**[2]

**AND IT IS SO ORDERED.**

                              */s/ Eduardo C. Robreno*
                              **EDUARDO C. ROBRENO, J.**

---

[1] The petition is denied because Petitioner has not obtained the required certification from the Court of Appeals. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The Court denied Petitioner's first § 2255 motion as untimely in its Order filed of record September 5, 2014 (ECF No. 239); thus, the current petition is successive. See Rohn v. Horton, 508 F. App'x 170, 171 (3d Cir. 2013) (non-precedential). Therefore, the current petition must be dismissed or transferred to the Court of Appeals. Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

[2] The petition will be dismissed instead of transferred to the Third Circuit because Petitioner does not make a prima facie showing that there are grounds under § 2255 or § 2244 for allowing a successive petition in this case. See Hatches v. Schultz, 381 F. App'x 134, 137 (3d Cir. 2010) (non-precedential) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citing 28 U.S.C. § 2255(h))); see also McGee v. Superintendent Fayette SCI, No. 19-2987, 2019 WL 8061004, at *1 (3d Cir. Dec. 19, 2019) (non-precedential) ("We note that there was no reason for the District Court to transfer the petition to this Court for treatment as an application under 28 U.S.C. § 2244, as Appellant did not make a prima facie showing that his claims meet the standards of § 2244(b).").