IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Cr. No. 09-733-02 |
| DAVID COBB : | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)

David Cobb is serving a 288-month sentence for drug trafficking offenses. His multiple previous motions for post-conviction relief have been denied, including motions under 28 U.S.C. § 2255. On March 15, 2023 (ECF 328), he filed a new motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This motion should be denied as well.

In the new motion, Cobb seeks relief based on his contention that he was improperly sentenced as a career offender. He asserts (incorrectly) that his prior state drug offenses do not qualify as "controlled substance offenses" under U.S.S.G. § 4B1.2(b). He further argues that his sentence is unduly disparate in relation to those imposed on his confederates.

These claims are not cognizable in a motion for compassionate release. The statute allows consideration upon a showing of an "extraordinary and compelling reason." This remedy has traditionally focused on emergent developments regarding an inmate's

medical condition, age, or family circumstances. That is also the focus of the Sentencing Commission's advisory guideline regarding compassionate release, § 1B1.13, that the Third Circuit held may be considered for guidance, *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

The compassionate release provision in Section 3582(c)(1)(A) does not authorize relief based on a legal challenge to a defendant's conviction or sentence, thus supplanting the functions served by a direct appeal or petition for habeas relief (and their attendant limitations). As Judge Easterbrook summarized, and appellate courts have unanimously concluded:

> In other words, the sort of "extraordinary and compelling" circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively.

*United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023). *See also United States v. Henderson*, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021) (not precedential) (a previously rejected claim of sentencing error does not qualify as an "extraordinary and compelling reason" for compassionate release, and to the extent that the defendant argues that his sentence should be vacated on this basis, such a claim can be raised only in a § 2255 motion); *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) ("a district court does not have discretion to consider new evidence proffered for the purpose of attacking the validity of the underlying conviction in its balancing of the 18 U.S.C. § 3553(a) factors. Facts and arguments that purport to undermine the validity of a federal conviction must

be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241."); *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (claims of ineffective assistance of counsel, and that the sentence exceeded the statutory maximum, are not cognizable in a compassionate release motion; the court "hold[s] that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153 [of Title 28, addressing habeas corpus]."); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc) ("we do not read 'extraordinary and compelling' to provide an end run around habeas."); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (a defendant "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead.") (quoting *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021)); *United States v. Wesley*, -- F.4th --, 2023 WL 2261817, at *10 (10th Cir. Feb. 28, 2023) ("We hold that an 18 U.S.C. § 3582(c)(1)(A)(i) motion may not be based on claims specifically governed by 28 U.S.C. § 2255"; the court properly excised a claim of prosecutorial misconduct at sentencing as a basis for compassionate release, as it had no jurisdiction to consider the issue in this context); *United States v. Jenkins*, 50 F.4th 1185, 1201 (D.C. Cir. 2022) ("We must therefore interpret the compassionate-release statute in light of this reticulated scheme for collateral review, rather than invoke compassionate release to end-run its limits. Thus, even if procedural hurdles would now prevent Jenkins from raising his sentencing argument in collateral proceedings, we cannot treat such a bar on relief under section 2255 as supporting a finding of extraordinary and compelling circumstances.").

For these reasons, the defendant's motion for compassionate release should be denied.

                              Respectfully submitted,

                              JACQUELINE C. ROMERO
                              United States Attorney

                              */s Robert A. Zauzmer*
                              ROBERT A. ZAUZMER
                              Assistant United States Attorney
                              Chief of Appeals

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was served by first-class mail upon:

>Mr. David Cobb
>Reg. No. 64303-066
>FCI Allenwood Low
>P.O. Box 1000
>White Deer, PA  17887

>*/s Robert A. Zauzmer*
>ROBERT A. ZAUZMER
>Assistant United States Attorney

Date: March 16, 2023.