# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 09-733-02** |
| **DAVID COBB** | **:** | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant David Cobb seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This motion should be denied, given that he does not present an "extraordinary and compelling reason" for consideration under the statute. Specifically, while he contends that his sentence would be lower under current law, that is not accurate.

## I.    Background.

In December 2008, the Federal Bureau of Investigation ("FBI"), Chester City Police Department ("CPD"), and Delaware County Criminal Investigation Division ("CID") started investigating Jonathan Cobb's drug trafficking enterprise. During that investigation, the FBI learned that Cobb was working in concert with his brother, David Cobb, and others, to purchase bulk quantities of cocaine in Philadelphia and elsewhere, break the bulk quantities of cocaine down into smaller quantities, and resell it in Chester, Pennsylvania.

As part of the investigation, the FBI obtained Title III authorization to intercept Jonathan Cobb's cellular phone (the "wiretap"). On September 29, 2009, the FBI began intercepting and listening to Cobb's drug-related telephone conversations. From the first day to the last, the wiretap captured evidence of Cobb's drug trafficking activity. In part, the conversations revealed that Jonathan collaborated with his brother David to buy large quantities of cocaine and resell it in Chester.

On October 20, 2009, agents followed the brothers as they, accompanied by a confederate, traveled to north Philadelphia and purchased a kilogram of cocaine. David Cobb later said that he contributed about $14,000 to the purchase, approximately half of the price.

On November 18, 2009, a federal grand jury returned an indictment charging David Cobb, along with Jonathan Cobb and one other person, with one count of conspiring on or about October 20, 2009, to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and one count of aiding and abetting the possession with intent to distribute of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.

On April 14, 2010, a federal grand jury returned a superseding indictment charging defendants Jonathan Cobb, David Cobb, and one other person with one count of conspiring between in or about August 2009 and October 20, 2009, to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846

and 841(a)(1), (b)(1)(B), and one count of aiding and abetting the possession with intent to distribute of 500 grams of a mixture and substance containing a detectable amount of cocaine, that is 997 grams, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. (The superseding indictment was given Docket No. 10-227 but then was corrected and entered under the original Docket No. 09-733.)

On May 24, 2010, the government filed an information pursuant to 21 U.S.C. § 851 as to both Jonathan Cobb and his brother, co-conspirator David Cobb, identifying the previous convictions that increased the statutory minimum and maximum sentences in this case. With respect to David Cobb, the information identified three prior state convictions in violation of 35 Pa. Stat. § 780-113(a)(30). Specifically, based on an October 1, 1992, arrest, after he sold 12 grams of cocaine to an undercover officer, he was sentenced in July 1993 to 18 to 48 months' imprisonment. And based on arrests that occurred on June 13, 2003, and July 31, 2003, he was sentenced in July 2004 to concurrent terms of 42 to 84 months' imprisonment. The first of those arrests occurred when officers searched Cobb's residence and recovered cocaine, marijuana, a loaded gun, and $3,983 in cash. The last of the arrests followed Cobb's sale of a quarter-ounce of cocaine to an undercover officer.

This Court denied suppression motions filed by the Cobb brothers. Then, on June 25, 2010, after a five-day trial, the brothers were convicted of all counts in the superseding indictment.

The Probation Office determined that David Cobb's offense involved three kilograms of cocaine, which carried a base offense level of 28. Nevertheless, Cobb had

three prior convictions for drug trafficking offenses and was classified as a career

offender pursuant to Section 4B1.1. As a career offender, his offense level was 37. That

is because the government's information under 21 U.S.C. § 851 had the effect of raising

the penalty range under 21 U.S.C. § 841(b)(1)(B) to 10 years to life, resulting in offense

level 37 under Section 4B1.1.

Cobb was in criminal history category VI, and his advisory guideline range was

360 months to life. At the sentencing hearing on November 3, 2011, this Court sentenced

Cobb below the range, to 288 months' imprisonment, eight years' supervised release, a

$1,500 fine, and a $200 special assessment. Cobb filed an appeal, in which he challenged

suppression and trial rulings of the district court. On May 25, 2012, the Third Circuit

affirmed the judgment of this Court. David Cobb has since filed numerous post-

conviction challenges, without success.

David Cobb is 52 years old, and is serving his sentence at FCI Allenwood Low,

with a minimum release date of May 2, 2029. He has served approximately 172 months,

and has credit for good conduct time of approximately 24 months, and therefore has

served approximately 196 months of the 288-month term. His disciplinary record is good.

He has two infractions: being absent from assignment (Nov. 4, 2013), and phone abuse-

disrupt monitoring (Sept. 10, 2022)

## II.     Request for Compassionate Release.

Cobb's latest motion for compassionate release was filed on February 5, 2024

(ECF 336). The motion is premised on 18 U.S.C. § 3582(c)(1)(A)(i), which allows

consideration of compassionate release based on a showing of "extraordinary and compelling reasons."

Cobb relies on a recent amendment to the Sentencing Guidelines policy statement regarding compassionate release, § 1B1.13, which became effective on November 1, 2023. This guideline defines the circumstances that qualify as "extraordinary and compelling reasons" allowing for early release under the compassionate release statute. The amendment adds the following provision:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6) (Nov. 1, 2023).

As a general rule, Section 1B1.13 is binding in defining the circumstances that qualify for consideration for compassionate release. Section 3582(c)(1)(A)(i) states that a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission . . . ." The pertinent policy statement defining the circumstances that qualify for consideration for compassionate release appears at U.S.S.G. § 1B1.13. Prior to November 1, 2023, the Sentencing Commission had not updated this policy statement since Congress amended the compassionate release statute in 2018. Accordingly, courts held that the earlier policy statement was not binding during that period, but could be considered as advisory. *United States v. Andrews*, 12 F.4th 255, 260

(3d Cir. 2021). The Commission has now updated the policy statement, including in the provision quoted above. This policy statement is therefore now binding in defining the circumstances that qualify as "extraordinary and compelling." *See* 18 U.S.C. § 3582(c)(1)(A)(i), 28 U.S.C. § 994(t) (directing the Commission to define qualifying circumstances); *Dillon v. United States*, 560 U.S. 817, 821 (2010) (holding that under the materially identical provision in 18 U.S.C. § 3582(c)(2) regarding application of retroactive guideline amendments that the criteria stated by the Sentencing Commission are binding).

However, it is the government's position that the one specific change at issue here – the new provision in subsection (b)(6) regarding an "unusually long sentence" – is not effective, as it conflicts with controlling statutes and therefore exceeds the authority of the Sentencing Commission to permit reduction of a final sentence. This is a complex issue, that will be litigated in scores of cases in this district and thousands more nationwide. The government has prepared extensive briefing regarding the issue, including in the matter of *United States v. Carter*, No. 07-374-01. We refer the Court to the lengthy briefs submitted by the parties in that case, which culminated in Judge Beetlestone's comprehensive opinion agreeing with the government that, under Third Circuit precedent, the Sentencing Commission may not premise compassionate release on the length of a sentence that was valid when imposed. *See United States v. Carter*, -- F. Supp. 3d --, 2024 WL 136777 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.).

But the issue need not be reached here, as even if the new "unusually long sentence" provision is effective, Cobb does not benefit by its plain terms, in that there has been no "change in law" that would produce any grossly different sentence today.

Cobb's principal argument is that he would not qualify as a career offender under current law, contending that his prior convictions for drug trafficking in violation of 35 Pa. Stat. § 780-113(a)(30) no longer qualify as "controlled substance offense" predicates under the career offender guideline. He is mistaken. In making this assertion, Cobb presents a discussion of a jumble of cases that have applied the categorical approach in various contexts, without offering a coherent argument. His effort is unavailing. The Third Circuit, beginning in *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014), has repeatedly held that the offense of conviction at issue in Cobb's prior cases – drug trafficking in violation of 35 Pa. Stat. § 780-113(a)(30) – is divisible based on the type of controlled substance involved in the offense. The Court has further made clear that such an offense qualifies as a "controlled substance offense" under the career offender guideline. *See United States v. Glass*, 904 F.3d 319 (3d Cir. 2018) (rejecting the argument that the state statute reaches a mere "offer to sell" and is therefore overbroad, and affirming that prior convictions involving marijuana and cocaine qualified); *United States v. Dawson*, 32 F.4th 254, 259-67 (3d Cir. 2022) (rejecting the argument that the state definition of "delivery" is overbroad, and affirming that prior convictions involving heroin qualified); *United States v. Womack*, 55 F.4th 219, 238-39 (3d Cir. 2022) (rejecting the argument that state statute reaches "administering" and is therefore

overbroad, and affirming treatment of prior offenses involving cocaine as career offender predicates).

Each of Cobb's prior offenses involved cocaine. *See* PSR ¶¶ 42, 52, 55. Under settled precedent in this Circuit, these were and remain "controlled substance offenses" under the career offender guideline.

The bottom line is that Cobb is incorrect that the law applicable to his career offender predicates has changed. He likewise errs in stating that there is an undue disparity between his sentence and that imposed on his more culpable brother, Jonathan. While Jonathan in fact played more of a leadership role, he was not a career offender. The Court addressed this explicitly when sentencing both defendants. Cobb also states in conclusory fashion that his sentence is disparate relative to those sentenced under the First Step Act of 2018. Mtn. 38. That is also untrue. If Cobb were sentenced today, he would face exactly the same career offender range of 360 months to life, prior to the variance the Court granted to the current term of 288 months.

In sum, there has been no "change in law" in this case allowing consideration for compassionate release, even if the new guideline provision addressing this subject is valid.[1]

---

[1]  While Cobb refers to Section 401 of the First Step Act, it too does not aid him. In that provision, Congress changed the definition of the type of prior drug offense that increases a statutory term under 21 U.S.C. § 841(b)(1)(B). The basic statutory maximum sentence under Section 841(b)(1)(B) is 40 years, meaning the career offender offense level under Section 4B1.1 in that situation would be 34, and the advisory guideline range would be 262 to 327 months. The enhancement based on a single prior drug conviction increases the maximum sentence to life, which results in the higher offense level of 37 applied here. Nothing would change in this case today. The notable change in Section

Finally, Cobb asserts that he is rehabilitated and presents a low risk of recidivism. The statute makes clear, however, that rehabilitation alone is not a basis for consideration for compassionate release. 28 U.S.C. § 994(t).

For these reasons, Cobb has not set forth grounds allowing consideration for compassionate release, and his motion should be denied.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

---

401 is that, with respect to a prior offense, the defendant must have served more than a year in prison, and was released within 15 years of the commencement of the instant offense. Here, these criteria are met with regard to each of Cobb's prior convictions. *See* PSR ¶¶ 41-43 (Cobb served 18 months for his first drug trafficking conviction, and was paroled on February 21, 1995, which is less than 15 years before the commencement of the instant offenses in 2009); PSR ¶¶ 53, 56 (Cobb served more than 3 years on his last two prior convictions, and was paroled on January 29, 2008, about 1½ years before the instant offenses began). Section 401 by its terms does not apply retroactively to an offender such as Cobb who was sentenced before its enactment, but in any event, that does not matter, as Cobb does not benefit from the provision anyway.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

>       Mr. David Cobb
>       No. 64303-066
>       FCI Allenwood Low
>       P.O. Box 1000
>       White Deer, PA  17887

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

Dated:  February 20, 2024.